UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN KORNBERG, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:14-cv-02165-JCM-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | (Docket No. 19) |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Defendants' motion to stay discovery, filed on October 6, 2015. Docket No. 19. To date, no response has been filed in opposition. *See* Docket. For the reasons that follow, the Court hereby **GRANTS** Defendants' motion. Docket No. 19.

The deadline for responding to the motion has now passed. *See* Local Rule 7-2(b) (providing 14-day response deadline). No response has been filed opposing Defendants' motion to stay. *See* Docket. Accordingly, the Court may grant the motion as unopposed. *See* Local Rule 7-2(d).

Further, the Court has reviewed the motion itself in addition to the underlying motion to dismiss, and finds good cause for granting a stay of discovery. Docket Nos. 10, 11, 14, 19. In determining whether a stay is appropriate, the Court considers the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).[1]  Generally, requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the motion can be decided without additional discovery; and

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1  (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and
2  is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC*
3  *v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]  However, where a motion to dismiss presents a
4  "critical preliminary question[,]" courts are more inclined to stay discovery. *Kabo Tool Co. v.*
5  *Porauto Indus. Co.*, 2013 U.S. Dist. LEXIS 53570, at *2 (D. Nev. Apr. 15, 2013) (quoting *AMC*
6  *Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist. LEXIS 146270, at *2 (D. Nev. Oct.
7  10, 2012)).

8  With that distinction in mind, the Court has taken a "preliminary peek" at the pending
9  motion to dismiss. Plaintiff's complaint asserts a FTCA[3] claim against the VA[4], arguing that it
10 provided Plaintiff with negligent medical care. Docket No. 11 at 2-3.  Defendants' motion to
11 dismiss counters that Plaintiff's complaint is void *ab initio* because it is a medical malpractice claim
12 unaccompanied by a supporting expert affidavit. Docket No. 19 at 3.

13 In Nevada, claims alleging medical malpractice must be filed with a supporting medical
14 expert affidavit. *See Poppe v. United States*, 2015 U.S. Dist. LEXIS 128395 *8-9 (D. Nev. Sept.
15 23, 2015) ("Pursuant to NRS 41A.071, a complaint filed without a supporting medical expert
16 affidavit is void *ab initio* and must be dismissed"); *Swails v. United States*, 406 Fed. Appx. 124,
17 125-26 (9th Cir. 2010). Plaintiff's complaint lacks a supporting medical expert affidavit. *See*
18 Docket No. 1. Plaintiff addresses this omission by contending that the VA is not a medical care
19 provider within NRS 41A.017, and, therefore, Nevada law does not require a medical expert
20 affidavit. Docket No. 11 at 4.

21 The Court finds that this issue presents a critical preliminary question akin to the
22 jurisdictional dispute in *Kabo Tool Co.* Considering the three *Kor Media* factors, the Court

---

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[3] References to "FCTA" refer to the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2671, *et seq*.

[4] References to the "VA" refer to the United States Department of Veteran Affairs.

concludes that objectives of Rule 1 would be best served by a stay of discovery pending the outcome of Defendants' motion to dismiss. *See Poppe v. United States*, 2015 U.S. Dist. LEXIS 109586 (D. Nev. Aug. 18. 2015) (granting stay of discovery pending motion to dismiss FTCA claim against the VA). In the event resolution of the above motion to dismiss does not result in the disposition of this case, the parties shall file a joint discovery plan within seven days of the issuance of the order resolving that motion.

    IT IS SO ORDERED.

    DATED: October 26, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge