UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELVIN KORNBERG, | Case No. 2:14-CV-2165 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendants the United States of America and the Department of Veteran Affairs' motion to dismiss. (Doc. #10). The plaintiff filed a response (doc. #11), and defendants subsequently filed a reply. (Doc. #14).

**I.     Background**

Plaintiff, an army veteran, sought services from Nellis Air Force Base ("NAFB") hospital for an injury to his shoulder resulting from a fall in a parking lot. (Doc. #1 at 2). In November and December 2010, Dr. Michael Ford, M.D., completed orthopedic evaluations and determined that plaintiff had a healing proximal humeral fracture with stable alignment. *Id.* In February 2011, x-rays were completed, revealing a possible left shoulder rotator cuff tear. *Id.*

An MRI study was performed on March 8, 2011, which revealed a significant fracture of the humeral neck; a suspected full thickness tear of the distal portions of the intraspinatus and supraspinatus tendons with mild retraction; and a possible torn subscapularis tendon. *Id.* at 2-3. Dr. Ford evaluated plaintiff's MRI results on April 13, 2011, and recommended a total left shoulder anthroplasty. *Id.* at 3. Dr. Michael Briggs, M.D., was referred for the procedure, and he completed the anthroplasty in September 2011. *Id.*

Defendants named in the complaint include the United States of America; United States of

**James C. Mahan**
**U.S. District Judge**

America ex rel. Department of Veterans Affairs; does 1-10; and roe corporations 1-10.[1] The complaint alleges three claims for relief. However, plaintiff concedes that dismissal without prejudice of his two contractual claims—breach of contract and breach of covenant of good faith and fair dealing—is appropriate so that plaintiff can refile the claims in the proper forum, which the parties agree is the Federal Court of Claims. (Docs. ##10 at 3-4; 11 at 5).

The third and remaining claim for relief alleges that "[d]efendants owed a duty of care to provide the plaintiff all necessary and appropriate medical related services for his surgical procedure[.]" (Doc. #1 at 5). Plaintiff alleges that the "[d]efendants breached this duty of care by failing to provide proper, appropriate, and necessary care and treatment to the plaintiff which causes him to suffer harm and pain related to an unnecessarily delayed surgery due to an earlier improper diagnosis of the medical condition of his left shoulder." *Id.* Plaintiff alleges that "[a]s a direct and proximate result of defendant's conduct, plaintiff suffered harm and damages in an amount to be determined at trial." *Id.*

Defendants move to dismiss the action because plaintiff failed to include an expert affidavit of merit as required by Nevada's medical malpractice statute. (Doc. # 10 at 1-3); *see* N.R.S. § 41A.071. Plaintiff contends that the expert affidavit of merit requirement does not apply to the instant case because (a) the defendants named are not "providers of medical care" as defined by N.R.S. § 41A; and (b) the lawsuit arises under the Federal Tort Claims Act (FTCA), for which plaintiff argues that the only appropriate party in the process is the United States and its agencies.[2] (Doc. #11 at 4). Defendants argue that the claim arises under Nevada medical malpractice law because plaintiff asserts that the veterans' affairs doctors and facilities were negligent in their treatment. Defendants thus argue that the requirement under N.R.S. § 41A.071 should stand regardless of the fact that it arises under the FTCA. (Doc. #14 at 2).

**II.     Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and

---

[1] Does and roes are named even though Dr. Michael Ford, M.D., Dr. Michael Briggs, M.D., and the Nellis Air Force Base Veterans' Hospital are named in the complaint's details. (Doc. #1 at 2-3). Based on the complaint, it appears that plaintiff knows the identity of the does and roes, but has not named them as defendants to avoid the definition of "medical malpractice" under N.R.S. § 41A.

[2] The court finds this argument to be disingenuous. As discussed *supra* footnote 1, the complaint names "as to be yet identified" does and roes, the identities of which appear to be known to plaintiff.

James C. Mahan
U.S. District Judge

- 2 -

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678-79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679.

**III.   Discussion**

    **A.  Provider of Health Care**

Plaintiff argues that the affidavit-of-merit requirement under NRS § 41A.071 does not apply because plaintiff has not sued a "provider of health care" as defined in the statute, but instead he sues the United States and its respective veteran affairs agency. *See* N.R.S. § 41A.017. (Doc. #11 at 3-4). The statute defines a "provider of health care" as:

> […] a *physician licensed under chapter 630 or 633* of NRS, dentist, licensed nurse, dispensing optician, optometrist, registered physical therapist, podiatric physician, licensed psychologist, chiropractor, doctor of Oriental medicine, *medical laboratory director or technician*, licensed dietitian or a *licensed hospital and its employees*.

N.R.S. § 41A.017 (2004). (Emphasis added).

Plaintiff asserts that that he should reveal the identification of the medical personnel and facilities that provided treatment through the diligence of counsel. Ironically, the complaint

James C. Mahan
U.S. District Judge

- 3 -

identifies two medical doctors ("M.D.s") and the veterans' hospital at NAFB but does not name these parties as defendants, instead naming does and roes. By not naming these individuals or facilities and claiming negligence by the government as a whole, the plaintiff does not avoid the "provider of health care" definition. The M.D.s fall within the definition of a "physician licensed under chapter 630 or 633 […,]" and the veterans' hospital falls within the definition of a "licensed hospital" under N.R.S. § 41A.017. Similarly, the MRI and x-ray technicians could also be potential does under the "medical laboratory director or technician" language of the definition. *See* N.R.S. § 41A.017 (2004).

*Swails v. United States* is analogous to this present case. In *Swails*, the plaintiff's FTCA claim was dismissed under medical malpractice law because NRS § 41A.071 was correctly applied. *See Swails v. United States,* 406 Fed. App. 124 (9th Cir. 2010). The Ninth Circuit affirmed the federal District Court of Nevada's order to dismiss two consolidated cases for procedural deficiency due to plaintiff's failure to comply with N.R.S. § 41A.071, requiring an attached affidavit of merit for medical malpractice claims. *Id.*

The Ninth Circuit pointed out in footnote one of the opinion that "Swails's own complaint supports the conclusion that he has filed a medical malpractice claim. He labeled it as such in his first complaint in state court, . . . and his allegations involve Somers' [a physician's assistant] and the Center's [Nevada Health Center] duty to 'exercise reasonable care for [his] health and safety.'" *Id.*

Upon review in the Ninth Circuit Court of Appeals, Swails argued that "the affidavit requirement does not reach his claim because he did not file suit against a physician or hospital." *Swails,* 406 Fed. App. at 125. However, the court disagreed with this assertion because "both the center [the medical clinic] and Mr. Somers [the physician assistant] are covered under the FTCA by operation of the Federally Supported Health Centers Assistance Act." *Id.* (citing 42 U.S.C. §232(g)-(n)). Thus, the United States of America was a proper defendant. Furthermore, the Ninth Circuit stated that the claim arose under medical malpractice because 28 U.S.C. § 1346(b)(1) made Nevada medical malpractice law applicable. Consequently, the requirement under N.R.S. § 41A.071 applied for the FTCA claim, and dismissal was required because plaintiff did not comply with the filing of an affidavit-of-merit under the statute. *Id.*

The Ninth Circuit concluded that dismissal was proper by looking to the Nevada Supreme Court's holding in *Washoe Medical Center v. Second Judicial District Court* "that a complaint

**James C. Mahan**
**U.S. District Judge**

- 4 -

filed without the supporting affidavit is void *ab initio,* meaning it is of no force and effect." *Swails,* 406 Fed. App. at 126 (internal quotations omitted) (citing Washoe Med. Ctr. v. Second Jud. Dist. Ct., 122 Nev. 1298, 148 P.3d 790, 794 (2006)). Therefore, the complaint "does not legally exist and thus cannot be amended[,]" and dismissal is proper. *Id.*

The claim in the present case arises under medical malpractice, and the United States of America, here, would be similarly substituted as the proper defendant under an FTCA claim in federal court. *Id.* Following the logic of *Swails* (at both the circuit and federal district court levels), because the complaint in the present case alleges medical malpractice by professional negligence of the M.D.s, veterans' hospital, and potentially others, the FTCA claim substitutes the United States of America and the Department of Veteran Affairs for the physicians and the veterans' hospital under medical malpractice law. Therefore, the requirement under N.R.S. § 41A.071 applies in the present case, and "dismissal, *without prejudice,*" is similarly required under the plain language of the statute. N.R.S. § 41A.071 (emphasis added).

### B. Plaintiff's Claim Arises Under Medical Malpractice Law

Plaintiff further asserts that its negligence claim does not fall within the statutory definition of "medical malpractice" as it is defined in N.R.S. § 41A.009 (2002). Therefore, plaintiff argues that the expert affidavit-of-merit requirement does not apply to it under N.R.S. § 41A.071. Plaintiff errs in this assertion.

Medical malpractice is defined as "the failure of a *physician, hospital or employee of a hospital*, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances." N.R.S. § 41A.009 (2002) (emphasis added). The facts allege that the hospital, doctors, and/or employees of the facility/facilities providing medical treatment negligently failed to diagnose the plaintiff correctly and delayed treatment. (Doc. #1. at 4.)

The alleged facts undeniably trace the elements of a medical malpractice action, asserting professional negligence in medical competency and breach of a duty of care by failing to properly diagnose the plaintiff's shoulder, which allegedly caused more harm and pain than was necessary for recovery. *Id.* Similar to the Ninth Circuit court's footnote in *Swails*, here, the plaintiff's "own complaint supports the conclusion that he has filed a medical malpractice claim[,]" and "his allegations involve … [at least two physicians' and the veteran hospital's] duty to exercise reasonable care for [his] health and safety." *See Swails,* 406 Fed. App. at 125 (internal quotes omitted).

**James C. Mahan**
**U.S. District Judge**

- 5 -

Here, the plaintiff cannot simply call the action an ordinary negligence claim and skirt the affidavit of merit requirements under N.R.S. § 41A.071 for a medical malpractice action. The plaintiff cannot escape the procedural requirements of Nevada's medical malpractice law by attempting to guise a medical malpractice claim as a standard negligence claim. *See Blotzke v. Christmas Tree, Inc.,* 88 Nev. 449, 499 P.2d 647 (1972) (dismissing a time-barred tort claim because the fact that plaintiff called it an implied contract claim did not change the fact that it sounded in tort law).

*Swails* also applies to this analysis. In *Swails,* the Ninth Circuit agreed with the federal district court that "claims made under the FTCA are governed by the substantive law of the state in which the claim arose." *Swails*, 406 Fed. App. at, 125-26 (citing 28 U.S.C. § 1346(b)(1)). Therefore, N.R.S. § 41A.071 applied to plaintiff's medical malpractice case, seeking relief under the FTCA, and the case was dismissed, without prejudice, due to plaintiff's procedural deficiency. *See id.* In the present case, Nevada medical malpractice similarly applies to the plaintiff's FTCA claim, which alleges a breach of duty by the physicians and the veteran hospital at NAFB. Consequently, the pertinent part of the provision stating "shall dismiss the action, *without prejudice*, if the action is filed without an affidavit …" requires dismissal due to plaintiff's procedural deficiency under the plain language of N.R.S. § 41A.071 (2002) (emphasis added).

## IV. Conclusion

In summary, the plaintiff's medical malpractice claim is procedurally deficient and will be dismissed, without prejudice. Plaintiff has conceded that his contractual claims should be dismissed without prejudice because this is not the proper forum.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants the United States of America and the Department of Veterans Affairs' motion to dismiss, (doc. # 10), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Melvin Kornberg's complaint (doc. # 1) be, and the same hereby is, dismissed without prejudice.

DATED February 5, 2016.

                                                     UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -