UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELVIN KORNBERG, | Case No. 2:14-CV-2165 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendant United States of America's ("defendant") motion for summary judgment. (ECF No. 41). Plaintiff filed a response (ECF No. 46), to which defendant replied (ECF No. 47).

**I.  Background**

The parties are already familiar with the underlying facts of this case. *See* (ECF No. 22). Therefore, the court need not recite them again herein. However, the court will briefly discuss the relevant procedural background leading to the instant motion for summary judgment.

On February 5, 2016, the court granted defendant's motion to dismiss plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, and negligence under the Federal Tort Claims Act ("FTCA"). *Id.* The court found, in relevant part, that plaintiff's third claim constituted a "medical malpractice" claim under Nevada law and that plaintiff failed to file an affidavit by a medical expert supporting plaintiff's allegations as required by NRS § 41A.071.[1] *Id.* Plaintiff appealed the court's dismissal of his tort claim to the Ninth Circuit. *See* (ECF No. 23).

---

[1] The court properly dismissed plaintiff's contract claims, finding that those claims must be brought in the Court of Federal Claims. (ECF Nos. 22, 26).

**James C. Mahan**
**U.S. District Judge**

On June 13, 2017, the Ninth Circuit reversed the court's order with respect to plaintiff's tort claim. (ECF Nos. 26, 27). The Ninth Circuit held that "the United States' liability is premised on respondeat superior principles, and [p]laintiff was not required to submit an affidavit of merit under the applicable version of § 41A.071 when suing the United States." (ECF No. 26 at 3–4). On June 15, 2018, defendant filed the instant motion for summary judgment. (ECF No. 41).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

James C. Mahan
U.S. District Judge

- 2 -

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As illustrated by defendant's motion and plaintiff's subsequent response, the parties disagree about the nature of plaintiff's only remaining claim against the United States for negligence. *See* (ECF Nos. 41, 46). However, as the Ninth Circuit has held, and plaintiff has clarified, plaintiff's "case in chief will present evidence of negligence related to the supervision of the VA doctors at issue and how that negligent supervision contributed to his injuries." (ECF No. 46 at 20).

Plaintiff's claim arises under the FTCA, 28 U.S.C. § 2671, *et seq*. "The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996,

James C. Mahan
U.S. District Judge

- 3 -

1000 (9th Cir. 2000) (citation omitted). However, the FTCA's waiver of sovereign immunity is limited. *Id.* If a plaintiff's cause of action falls within one of the FTCA's statutory exceptions to the United States' waiver, the federal courts lack subject matter jurisdiction to hear the claims. *Id.*

One such exception is the "discretionary function exception," which "precludes claims against the United States which are 'based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion was abused.'" *Id.* at 1001 (citation omitted).

As defendant correctly argues in its reply, claims based on the United States' allegedly negligent employment, supervision, and training of its employees "fall squarely within the discretionary function exception." *Id.* Accordingly, the court finds that it lacks subject matter jurisdiction over plaintiff's claim for negligent supervision, and therefore must dismiss plaintiff's only remaining claim. As a result of the foregoing, the court will deny defendant's motion for summary judgment as moot.

**IV. Conclusion**

The court lacks jurisdiction over plaintiff's claim for negligent supervision under the FTCA. Therefore, the court dismisses plaintiff's claim and denies defendant's motion for summary judgment as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant United States of America's motion for summary judgment (ECF No. 41) be, and the same hereby is, DENIED as moot.

The clerk of court is instructed to enter judgment accordingly and close the case.

DATED October 17, 2018.

_____
UNITED STATES DISTRICT JUDGE